IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROY-G-BIV Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>HONEYWELL INTERNATIONAL, INC.,<br>MOTIVA ENTERPRISES, LLC<br>    Defendants. | CASE NO. _____<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF ROY-G-BIV CORPORATION'S COMPLAINT
FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff ROY-G-BIV Corporation ("ROY-G-BIV"), for its complaint, alleges as follows:

**THE PARTIES**

1. Plaintiff ROY-G-BIV Corporation is a Washington corporation with its principal place of business at 154 E. Bingen Point Way, Suite E, Bingen, WA 98605. ROY-G-BIV Corporation is a software company dedicated to integrating motion-controlled machines and software.

2. Defendant Honeywell International Inc. ("Honeywell") is a Delaware corporation having its principal place of business at 101 Columbia Rd., Morris Township, NJ 07962. Defendant Honeywell may be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

3. Defendant Motiva Enterprises, LLC. ("Motiva") is a Delaware corporation with its principal place of business in Houston, Texas. Defendant Motiva may be served with process

via its registered agent, CT Corporation, 350 N. Saint Paul St., Suite 2900, Dallas, TX 75201-4234.

4. The parties to this action are properly joined under § 299 of the America Invents Act because the right to relief asserted against defendants is jointly and severally and arising out of the same series of transactions or occurrences relating to the making and using of the same accused products or processes. Additionally, questions of fact common to all defendants will arise in this action.

## JURISDICTION AND VENUE

5. This action is for Defendants' infringement of patents owned by ROY-G-BIV, and it arises out of the patent laws of the United States.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Personal jurisdiction (1) exists generally over the Defendants because they (either directly or through their subsidiaries, divisions, groups or distributors) have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and this district; and/or (2) exists specifically over the Defendants (either directly or through their subsidiaries, divisions, groups or distributors) because of their infringing conduct within or directed at the State of Texas and this district. For example, Defendants place products (some of which are described below) into the stream of commerce that infringe and/or are used to infringe the patents-in-suit, knowing that the products may likely reach the State of Texas and this district.

8. Venue is proper in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## THE PATENTS

9. On January 28, 2003, U.S. Patent No. 6,513,058 ("the '058 patent"), entitled, "Distribution of Motion Control Commands Over a Network," was duly and legally issued. A true copy of the '058 patent is attached as Exhibit A.

10. ROY-G-BIV holds all rights, title and interest to the '058 patent, including the rights to enforce the patent.

11. On September 23, 2008, the '058 patent was subjected to a lengthy Inter-Partes reexamination. On June 28, 2011, a certificate of reexamination (0276th) was issued finding the patentability of all claims confirmed with no amendments made to the patent.

12. On February 4, 2003, U.S. Patent No. 6,516,236 ("the '236 patent"), entitled, "Motion Control Systems," was duly and legally issued. A true copy of the '236 patent is attached as Exhibit B.

13. ROY-G-BIV holds all rights, title and interest to the '236 patent, including the rights to enforce the patent.

14. On September 23, 2008, the '236 patent was subjected to a lengthy Inter-Partes reexamination. On June 28, 2011, a certificate of reexamination (0277th) was issued finding the patentability of all claims confirmed with no amendments made to the patent.

15. On September 27, 2011, U.S. Patent No. 8,027,349 ("the '349 patent"), entitled, "Database Event Driven Motion Systems" was duly and legally issued. A true copy of the '349 patent is attached as Exhibit C.

16. ROY-G-BIV holds all rights, title and interest to the '349 patent, including the rights to enforce the patent.

17. The '058 and '236 patents, among others, have already been the subject of a prior

lawsuit, Cause No. 2:07-cv-00418; *ROY-G-BIV Corp. v Fanuc Ltd., et al*; In the United States District Court for the Eastern District of Texas, Marshall Division.  A Markman hearing was held on these patents, among others, on April 16, 2009.  A Claim Construction Order was issued by the Court on August 25, 2009.

## COUNT ONE

### (Infringement of the '058 Patent)

18.     ROY-G-BIV repeats and re-alleges the allegations above as if fully set forth herein.

19.     Defendants have been and are infringing one or more claims of the '058 patent.  Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software, along with equipment such as controllers and automated equipment that are used with this software, without authority from ROY-G-BIV..  Defendants also encourage others to use their software and equipment in an infringing manner.

20.     Honeywell's infringement includes but is not limited to its suite of products contained within and/or known as Experion Products.  This includes, but is not limited to, Honeywell's Experion PKS, Experion Vista, Experion HS, Experion HMIWeb, MatrikonOPC Universal Connectivity Server (and related software) and MatrikonOPC Tunneller, as well as Honeywell's hardware products (and their related software products) such as MasterLogic.

21.     Motiva owns and operates a refinery in Port Arthur, Texas specializing in refining crude oil into gasoline, jet fuel, diesel fuel and lubricants, among other products.  Motiva owns and operates equipment and software being utilized at that facility in an infringing manner.

22.     Motiva's infringement, upon information and belief, includes but is not limited to its use of Honeywell's products in an infringing manner, such as its use of Experion PKS at its

facility in Port Arthur, Texas.

23.     Upon information and belief, Honeywell and Motiva manufacture, sell, market and/or use additional infringing products which Plaintiff is continuing to investigate and anticipate will be revealed during the course of discovery conducted in this case.

24.     One or more of Defendants have willfully infringed and are willfully infringing the '058 patent.

25.     ROY-G-BIV Corporation has complied with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '058 patent.

26.     ROY-G-BIV Corporation has been and will continue to be damaged by Defendants' infringement.

27.     Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV Corporation.  ROY-G-BIV Corporation has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV Corporation should an injunction not issue.  The public interest would be served by issuance of an injunction.

## COUNT TWO

### (Infringement of the '236 Patent)

28.     ROY-G-BIV Corporation repeats and re-alleges the allegations above as if fully set forth herein.

29.     Defendants have been and are infringing one or more claims of the '236 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software, along with equipment such as controllers and automated equipment

5

that are used with this software, without authority from ROY-G-BIV Corporation.  Defendants also encourage others to use their software and equipment in an infringing manner.

30. Honeywell's infringement includes but is not limited to its suite of products contained within and/or known as Experion Products.  This includes, but is not limited to, Honeywell's Experion PKS, Experion Vista, Experion HS, Experion HMIWeb and MatrikonOPC Universal Connectivity Server (and related software), as well as Honeywell's hardware products (and their related software products) such as MasterLogic.

31. Motiva owns and operates a refinery in Port Arthur, Texas specializing in refining crude oil into gasoline, jet fuel, diesel fuel and lubricants, among other products.  Motiva owns and operates equipment and software being utilized at that facility in an infringing manner.

32. Motiva's infringement, upon information and belief, includes but is not limited to its use of Honeywell's products in an infringing manner, such as its use of Experion PKS at its facility in Port Arthur, Texas.

33. Upon information and belief, Honeywell and Motiva manufacture, sell, market and/or use additional infringing products which Plaintiff is continuing to investigate and anticipate will be revealed during the course of discovery conducted in this case.

34. One or more of Defendants have willfully infringed and are willfully infringing the '236 patent.

35. ROY-G-BIV Corporation has complied with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '236 patent.

36. ROY-G-BIV Corporation has been and will continue to be damaged by Defendants' infringement.

37. Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV Corporation. ROY-G-BIV Corporation has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV Corporation should an injunction not issue. The public interest would be served by issuance of an injunction.

## COUNT THREE

### (Infringement of the '349 Patent)

38. ROY-G-BIV Corporation repeats and re-alleges the allegations above as if fully set forth herein.

39. Defendants have been and are infringing one or more claims of the '349 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software, along with equipment such as controllers and automated equipment that are used with this software, without authority from ROY-G-BIV Corporation. Defendants also encourage others to use their software and equipment in an infringing manner.

40. Honeywell's infringement includes but is not limited to its suite of products contained within and/or known as MatrikonOPC UA StreamInsight Products. This includes, but is not limited to, Honeywell's MatrikonOPC UA Stream Insight Product (and related software), as well as Honeywell's hardware products (and their related software products) such as MasterLogic.

41. Upon information and belief, Honeywell, sell, market and/or use additional infringing products which Plaintiff is continuing to investigate and anticipate will be revealed during the course of discovery conducted in this case.

42. One or more of Defendants have willfully infringed and are willfully infringing

the '349 patent.

43.     ROY-G-BIV Corporation is in the process of complying with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '349 patent.

44.     ROY-G-BIV Corporation has been and will continue to be damaged by Defendants' infringement.

45.     Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV Corporation.  ROY-G-BIV Corporation has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV Corporation should an injunction not issue.  The public interest would be served by issuance of an injunction.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff ROY-G-BIV Corporation prays for the following relief against Defendants:

A.      A judgment that Defendants have infringed, and continue to infringe, one or more of the '058, '236 and '349 patents;

B.      An injunction against Defendants, their officers, agents, servants, employees, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active concert or participation with Defendants, including distributors and customers, enjoining them from infringing the '058, '236 and '349 patents;

C.      An award of damages under 35 U.S.C. § 284, along with pre-judgment and post-judgment interest;

      D.      A trebling of such damages for Defendants' willful infringement;

      E.      A declaration that this case is exceptional pursuant to 35 U.S.C. § 285;

      F.      An award of attorneys' fees, costs, and expenses; and

      G.      Such other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff ROY-G-BIV Corporation demands a trial by jury for all issues and claims so triable.

Respectfully submitted,

Dated: November 15, 2011

/s/   Adam Q. Voyles
Lance Lubel
Lead Attorney
Texas State Bar No. 12651125
Adam Q. Voyles
Texas State Bar No. 24003121
LUBEL VOYLES, LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone:  (713) 284-5200
Fax:  (713) 284-5250
E-mail:  lance@lubelvoyles.com
E-mail:  adam@lubelvoyles.com

Of Counsel:

William A. Isaacson
D. Michael Underhill
Eric J. Maurer
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
Telephone:  202.237.2727
Fax:  202.237.6131
E-mail:  wisaacson@bsfllp.com
E-mail:  munderhill@bsfllp.com
E-mail:  emaurer@bsfllp.com

*Attorneys for Plaintiff ROY-G-BIV Corporation*

Kip Glasscock
Texas State Bar No. 08011000
KIP GLASSCOCK, P.C.
550 Fannin, Suite 1350
Beaumont, Texas 77701
Telephone:  (409) 833-8822
Fax:  (409) 838-4666
E-mail:  kipglasscock@hotmail.com

Russell A. Chorush
Texas State Bar No. 24031948
HEIM, PAYNE & CHORUSH, L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 6710
Houston, Texas  77002
Telephone:  (713) 221-2000
Fax:  (713) 221-2021
E-mail:  rchorush@hpcllp.com