**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

|  |  |
|---|---|
| ROY-G-BIV- Corporation, | ) |
| | ) |
| Plaintiff, | ) Case No. 6:11-cv-623-LED |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| HONEYWELL INTERNATIONAL, INC., | ) |
| MOTIVA ENTERPRISES, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' ANSWER TO ROY-G-BIV
CORPORATION'S AMENDED COMPLAINT**

Honeywell International, Inc. ("Honeywell") and Motiva Enterprises, LLC ("Motiva") (collectively, "Defendants"), by their attorneys, answer the Amended Complaint of Roy-G-Biv Corporation ("RGB" or "Plaintiff"), as follows. Defendants deny the allegations and characterizations in RGB's Amended Complaint, unless expressly admitted below.

**THE PARTIES**

1. Plaintiff ROY-G-BIV Corporation is a Washington corporation with its principal place of business at 154 E. Bingen Point Way, Suite E, Bingen, WA 98605. ROY-G-BIV Corporation is a software company dedicated to integrating motion-controlled machines and software.

   **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny the same.

2. Defendant Honeywell International Inc. ("Honeywell") is a Delaware corporation having its principal place of business at 101 Columbia Rd., Morris Township, NJ 07962. Defendant Honeywell may be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

   **ANSWER:** Admitted.

3. Defendant Motiva Enterprises, LLC. ("Motiva") is a Delaware corporation with its principal place of business in Houston, Texas. Defendant Motiva may be served with process via its registered agent, CT Corporation, 350 N. Saint Paul St., Suite 2900, Dallas, TX 75201-4234.

**ANSWER:** Admitted.

4. The parties to this action are properly joined under § 299 of the America Invents Act because the right to relief asserted against defendants is jointly and severally and arising out of the same series of transactions or occurrences relating to the making and using of the same accused products or processes. Additionally, questions of fact common to all defendants will arise in this action.

**ANSWER:** No answer from Defendants is required.

## JURISDICTION AND VENUE

5. This action is for Defendants' infringement of patents owned by ROY-G-BIV, and it arises out of the patent laws of the United States.

**ANSWER:** Defendants admit that the Amended Complaint purports to state causes of action under the United States patent laws, codified in Title 35 of the United States Code. Defendants deny that they infringe any patents owned by RGB.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Admitted.

7. Personal jurisdiction (1) exists generally over the Defendants because they (either directly or through their subsidiaries, divisions, groups or distributors) have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and this district; and/or (2) exists specifically over the Defendants (either directly or through their subsidiaries, divisions, groups or distributors) because of their infringing conduct within or directed at the State of Texas and this district. For example, Defendants place products (some of which are described below) into the stream of commerce that infringe and/or are used to infringe the patents-in-suit, knowing that the products may likely reach the State of Texas and this district.

**ANSWER:** For the purposes of this litigation only, Defendants admit that they are subject to personal jurisdiction in this district. Defendants deny the remaining allegations of this paragraph.

8. Venue is proper in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

**ANSWER:** For the purposes of this litigation only, Defendants admit that venue is proper in this district.

## THE PATENTS

9. On January 28, 2003, U.S. Patent No. 6,513,058 ("the '058 patent"), entitled, "Distribution of Motion Control Commands Over a Network," was duly and legally issued. A true copy of the '058 patent is attached as Exhibit A.

**ANSWER:** Defendants admit that U.S. Patent No. 6,513,058 ("the '058 patent") bears an issue date of January 28, 2003. Defendants further admit that Exhibit A to Plaintiff's Amended Complaint appears to be a true copy of the '058 patent. Defendants deny that the '058 patent was duly and legally issued.

10. ROY-G-BIV holds all rights, title and interest to the '058 patent, including the rights to enforce the patent.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

11. On September 23, 2008, the '058 patent was subjected to a lengthy Inter-Partes reexamination. On June 28, 2011, a certificate of reexamination (0276th) was issued finding the patentability of all claims confirmed with no amendments made to the patent.

**ANSWER:** Defendants admit that the '058 patent was the subject of an inter-partes reexamination before the United States Patent Office in 2008. Defendants further admit that a certificate of reexamination was issued for the '058 patent on June 28, 2011. Defendants deny the remaining allegations and characterizations in this paragraph.

12. On February 4, 2003, U.S. Patent No. 6,516,236 ("the '236 patent"), entitled, "Motion Control Systems," was duly and legally issued. A true copy of the '236 patent is attached as Exhibit B.

**ANSWER:** Defendants admit that U.S. Patent No. 6,516,236 ("the '236 patent") bears an issue date of February 4, 2003. Defendants further admit that Exhibit B to Plaintiff's

3

Amended Complaint appears to be a true copy of the '236 patent.  Defendants deny that the '236 patent was duly and legally issued.

13.     ROY-G-BIV holds all rights, title and interest to the '236 patent, including the rights to enforce the patent.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny them.

14.     On September 23, 2008, the '236 patent was subjected to a lengthy Inter-Partes reexamination. On June 28, 2011, a certificate of reexamination (0277th) was issued finding the patentability of all claims confirmed with no amendments made to the patent.

**ANSWER:**    Defendants admit that the '236 patent was the subject of an inter-partes reexamination before the United States Patent Office in 2008.  Defendants further admit that a certificate of reexamination was issued for the '236 patent on June 28, 2011.  Defendants deny the remaining allegations and characterizations in this paragraph.

15.     On September 27, 2011, U.S. Patent No. 8,027,349 ("the '349 patent"), entitled, "Database Event Driven Motion Systems" was duly and legally issued. A true copy of the '349 patent is attached as Exhibit C.

**ANSWER:**    Defendants admit that U.S. Patent No. 8,027,349 ("the '349 patent") bears an issue date of September 27, 2011.  Defendants further admit that Exhibit C to Plaintiff's Amended Complaint appears to be a true copy of the '349 patent.  Defendants deny that the '349 patent was duly and legally issued.

16.     ROY-G-BIV holds all rights, title and interest to the '349 patent, including the rights to enforce the patent.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny them.

17.     The '058 and '236 patents, among others, have already been the subject of a prior lawsuit, Cause No. 2:07-cv-00418; ROY-G-BIV Corp. v Fanuc Ltd., et al; In the United States District Court for the Eastern District of Texas, Marshall Division. A Markman hearing was held on these patents, among others, on April 16, 2009.  A Claim Construction Order was issued by the Court on August 25, 2009.

**ANSWER:** Defendants admit that the '058 and '236 patents have been the subject of a prior lawsuit, *ROY-G-BIV Corp. v Fanuc Ltd., et al*, 2:07-cv-418 (E.D. Tex. 2007). Defendants further admit that a *Markman* hearing was held in that case, and a Claim Construction Order issued on August 25, 2009.

18. On December 6, 2011, U.S. Patent No. 8,073,557 ("the '557 patent"), entitled "Motion Control Systems," was duly and legally issued. A true copy of the '557 patent is attached as Exhibit D.

**ANSWER:** Defendants admit that U.S. Patent No. 8,073,557 ("the '557 patent") bears an issue date of December 6, 2011. Defendants further admit that Exhibit D to Plaintiff's Amended Complaint appears to be a true copy of the '557 patent. Defendants deny that the '557 patent was duly and legally issued.

19. ROY-G-BIV holds all rights, title and interest in the '557 patent, including the rights to enforce the patent.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny them.

## COUNT ONE
### (Infringement of the '058 Patent)

20. ROY-G-BIV repeats and re-alleges the allegations above as if fully set forth herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 19 herein by reference.

21. Defendants have been and are infringing one or more claims of the '058 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software, along with equipment such as controllers and automated equipment that are used with this software, without authority from ROY-G-BIV. Defendants also encourage others to use their software and equipment in an infringing manner.

**ANSWER:** Denied.

22. Honeywell's infringement includes but is not limited to its suite of products contained within and/or known as Experion Products. This includes, but is not limited to,

5

Honeywell's Experion PKS, Experion Vista, Experion HS, Experion HMIWeb, MatrikonOPC Universal Connectivity Server (and related software) and MatrikonOPC Tunneller, as well as Honeywell's hardware products (and their related software products) such as MasterLogic.

**ANSWER:** Denied.

23. Motiva owns and operates a refinery in Port Arthur, Texas specializing in refining crude oil into gasoline, jet fuel, diesel fuel and lubricants, among other products. Motiva owns and operates equipment and software being utilized at that facility in an infringing manner.

**ANSWER:** Motiva admits that it operates a refinery in Port Arthur, Texas. Motiva denies the remaining allegations and characterizations in this paragraph.

24. Motiva's infringement, upon information and belief, includes but is not limited to its use of Honeywell's products in an infringing manner, such as its use of Experion PKS at its facility in Port Arthur, Texas.

**ANSWER:** Denied.

25. Upon information and belief, Honeywell and Motiva manufacture, sell, market and/or use additional infringing products which Plaintiff is continuing to investigate and anticipate will be revealed during the course of discovery conducted in this case.

**ANSWER:** Denied.

26. One or more of Defendants have willfully infringed and are willfully infringing the '058 patent.

**ANSWER:** Denied.

27. ROY-G-BIV Corporation has complied with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '058 patent.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny them.

28. ROY-G-BIV Corporation has been and will continue to be damaged by Defendants' infringement.

**ANSWER:** Denied.

29. Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV Corporation. ROY-G-BIV Corporation has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an

6

injunction are less than those faced by ROY-G-BIV Corporation should an injunction not issue. The public interest would be served by issuance of an injunction.

**ANSWER:** Denied.

## COUNT TWO
### (Infringement of the '236 Patent)

30. ROY-G-BIV Corporation repeats and re-alleges the allegations above as if fully set forth herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 29 herein by reference.

31. Defendants have been and are infringing one or more claims of the '236 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software, along with equipment such as controllers and automated equipment that are used with this software, without authority from ROY-G-BIV Corporation. Defendants also encourage others to use their software and equipment in an infringing manner.

**ANSWER:** Denied.

32. Honeywell's infringement includes but is not limited to its suite of products contained within and/or known as Experion Products. This includes, but is not limited to, Honeywell's Experion PKS, Experion Vista, Experion HS, Experion HMIWeb and MatrikonOPC Universal Connectivity Server (and related software), as well as Honeywell's hardware products (and their related software products) such as MasterLogic.

**ANSWER:** Denied.

33. Motiva owns and operates a refinery in Port Arthur, Texas specializing in refining crude oil into gasoline, jet fuel, diesel fuel and lubricants, among other products. Motiva owns and operates equipment and software being utilized at that facility in an infringing manner.

**ANSWER:** Motiva admits that it operates a refinery in Port Arthur, Texas. Motiva denies the remaining allegations and characterizations in this paragraph.

34. Motiva's infringement, upon information and belief, includes but is not limited to its use of Honeywell's products in an infringing manner, such as its use of Experion PKS at its facility in Port Arthur, Texas.

**ANSWER:** Denied.

35. Upon information and belief, Honeywell and Motiva manufacture, sell, market and/or use additional infringing products which Plaintiff is continuing to investigate and anticipate will be revealed during the course of discovery conducted in this case.

**ANSWER:** Denied.

36. One or more of Defendants have willfully infringed and are willfully infringing the '236 patent.

**ANSWER:** Denied.

37. ROY-G-BIV Corporation has complied with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '236 patent.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny them.

38. ROY-G-BIV Corporation has been and will continue to be damaged by Defendants' infringement.

**ANSWER:** Denied.

39. Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV Corporation. ROY-G-BIV Corporation has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV Corporation should an injunction not issue. The public interest would be served by issuance of an injunction.

**ANSWER:** Denied.

### COUNT THREE
### (Infringement of the '349 Patent)

40. ROY-G-BIV Corporation repeats and re-alleges the allegations above as if fully set forth herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 39 herein by reference.

41. Defendants have been and are infringing one or more claims of the '349 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software, along with equipment such as controllers and automated equipment that are used with this software, without authority from ROY-G-BIV Corporation. Defendants also encourage others to use their software and equipment in an infringing manner.

**ANSWER:** Denied.

42. Honeywell's infringement includes but is not limited to its suite of products contained within and/or known as MatrikonOPC UA StreamInsight Products. This includes, but is not limited to, Honeywell's MatrikonOPC UA Stream Insight Product (and related software), as well as Honeywell's hardware products (and their related software products) such as MasterLogic.

**ANSWER:** Denied.

43. Upon information and belief, Honeywell, sell, market and/or use additional infringing products which Plaintiff is continuing to investigate and anticipate will be revealed during the course of discovery conducted in this case.

**ANSWER:** Denied.

44. One or more of Defendants have willfully infringed and are willfully infringing the '349 patent.

**ANSWER:** Denied.

45. ROY-G-BIV Corporation is in the process of complying with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '349 patent.

**ANSWER:** Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph and, therefore, deny them.

46. ROY-G-BIV Corporation has been and will continue to be damaged by Defendants' infringement.

**ANSWER:** Denied.

47. Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV Corporation. ROY-G-BIV Corporation has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV Corporation should an injunction not issue. The public interest would be served by issuance of an injunction.

**ANSWER:** Denied.

## COUNT FOUR
### (Infringement of the '557 Patent)

48. ROY-G-BIV Corporation repeats and re-alleges the allegations above as if fully set forth herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 47 herein by reference.

49. Defendants have been and are infringing one or more claims of the '557 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software, along with equipment such as controllers and automated equipment that are used with this software, without authority from ROY-G-BIV Corporation. Defendants also encourage others to use their software and equipment in an infringing manner.

**ANSWER:** Denied.

50. Honeywell's infringement includes but is not limited to its suite of products contained within and/or known as Experion Products. This includes, but is not limited to, Honeywell's Experion PKS, Experion Vista, Experion HS, Experion HMIWeb and MatrikonOPC Universal Connectivity Server (and related software), as well as Honeywell's hardware products (and their related software products) such as MasterLogic.

**ANSWER:** Denied.

51. Motiva owns and operates a refinery in Port Arthur, Texas specializing in refining crude oil into gasoline, jet fuel, diesel fuel and lubricants, among other products. Motiva owns and operates equipment and software being utilized at that facility in an infringing manner.

**ANSWER:** Motiva admits that it operates a refinery in Port Arthur, Texas. Motiva denies the remaining allegations and characterizations in this paragraph.

52. Motiva's infringement, upon information and belief, includes but is not limited to its use of Honeywell's products in an infringing manner, such as its use of Experion PKS at its facility in Port Arthur, Texas.

**ANSWER:** Denied.

53. Upon information and belief, Honeywell and Motiva manufacture, sell, market and/or use additional infringing products which Plaintiff is continuing to investigate and anticipate will be revealed during the course of discovery conducted in this case.

**ANSWER:** Denied.

54. One or more of Defendants have willfully infringed and are willfully infringing the ̵557 patent.

**ANSWER:** Denied.

55. ROY-G-BIV Corporation is in the process of complying with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the ̵557 patent.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny them.

56. ROY-G-BIV Corporation has been and will continue to be damaged by Defendants' infringement.

**ANSWER:** Denied.

57. Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV Corporation. ROY-G-BIV Corporation has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV Corporation should an injunction not issue. The public interest would be served by issuance of an injunction.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defenses
### (Invalidity)

1. On information and belief, at least one claim of the ̵058 patent is invalid for failing to satisfy one or more of the conditions for patentability of Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103, and/or 112, *et seq*.

2. On information and belief, at least one claim of the ̵236 patent is invalid for failing to satisfy one or more of the conditions for patentability of Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103, and/or 112, *et seq*.

3. On information and belief, at least one claim of the ʼ349 patent is invalid for failing to satisfy one or more of the conditions for patentability of Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103, and/or 112, *et seq*.

4. On information and belief, at least one claim of the ʼ557 patent is invalid for failing to satisfy one or more of the conditions for patentability of Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103, and/or 112, *et seq*.

## Second Affirmative Defenses
## (No Equitable Relief)

5. Plaintiff is not entitled to equitable relief with respect to the ʼ058 patent at least because it has not and will not suffer irreparable harm, it does not practice the patent or it is not without an adequate remedy at law.

6. Plaintiff is not entitled to equitable relief with respect to the ʼ236 patent at least because it has not and will not suffer irreparable harm, it does not practice the patent or it is not without an adequate remedy at law.

7. Plaintiff is not entitled to equitable relief with respect to the ʼ349 patent at least because it has not and will not suffer irreparable harm, it does not practice the patent or it is not without an adequate remedy at law.

8. Plaintiff is not entitled to equitable relief with respect to the ʼ557 patent at least because it has not and will not suffer irreparable harm, it does not practice the patent or it is not without an adequate remedy at law.

## Third Affirmative Defenses
## (Laches)

9. Plaintiff's claims of infringement are barred, in whole or in part, by the doctrine of laches.

**Fourth Affirmative Defenses**
**(Time Limitation and Marking)**

10. Plaintiff's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation) and 35 U.S.C. § 287 (marking).

**Fifth Affirmative Defenses**
**(No Costs)**

11. 35 U.S.C. § 288 bars RGB from recovering costs associated with this action with respect to the '058 patent.

12. 35 U.S.C. § 288 bars RGB from recovering costs associated with this action with respect to the '236 patent.

13. 35 U.S.C. § 288 bars RGB from recovering costs associated with this action with respect to the '349 patent.

14. 35 U.S.C. § 288 bars RGB from recovering costs associated with this action with respect to the '557 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court dismiss each of the counts against Honeywell and Motiva, enter judgment in Defendants' favor and against Plaintiff, award Defendants their costs and attorneys' fees and award Defendants any further relief that the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Defendants demand a trial by jury on all issues triable to a jury.

Dated: April 30, 2012                                   Respectfully submitted,

/s/ J. Thad Heartfield
J. Thad Heartfield, Attorney In Charge
Texas Bar No. 09346800
M. Dru Montgomery
Texas Bar No. 24010800
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, Texas 77706
Phone: 409.866.3318
Fax:    409.866.5789
E-mail: thad@jth-law.com
            dru@jth-law.com

Bradford P. Lyerla
Peter Hanna (*pro hac vice application pending*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: 312-222-9350
Fax: 312-527-0484

Nick G. Saros (*pro hac vice application pending*)
JENNER & BLOCK LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071-2054
Telephone: 213-239-5100
Fax: 213-239-5199

*Attorneys for*
**HONEYWELL INTERNATIONAL, INC. &
MOTIVA ENTERPRISES, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 30, 2012. Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Thad Heartfield*
J. Thad Heartfield